UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | SACV 19-01722 JVS (ADSx) | Date | 12/16/2019 |
|---|---|---|---|

| Title | John Lee, et al. v. BMW of North America, LLC |
|---|---|

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Lisa Bredahl/Rolls Royce Paschal | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **[IN CHAMBERS]** Order Regarding Motion to Remand

Plaintiffs John Lee ("J. Lee") and Min Soon Lee ("M. Lee") (collectively, "Plaintiffs") move to remand this action to State Court. Mot., Docket No. 9. Defendant BMW of North America, LLC ("BMW NA") opposes. Opp'n., Docket No. 13. Plaintiffs replied. Reply, Docket No. 16.

For the following reasons, the Court **DENIES** the Motion.

## I. BACKGROUND

On July 22, 2019, Plaintiffs brought sought against BMW NA in the Superior Court of the State of California, County of Orange (Case No. 30-2019-01075260-CU-BC-CJC), alleging two violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly"). Compl., Docket No. 1, Ex. A. BMW NA removed this action to this Court on September 9, 2019 on the basis of diversity jurisdiction. Not. Removal, Docket No. 1. Plaintiffs reside in La Habra, California. Compl., ¶ 1. BMW NA is a limited liability company organized in Delaware with its principal place of business in the New Jersey. Id., ¶ 12. Each of BMW NA's members are citizens of New Jersey. Id.

The Complaint alleges that on or about July 13, 2016, Plaintiffs purchased a certified pre-owned 2014 BMW 750Li, a vehicle manufactured and/or distributed by BMW NA for approximately $101,000 (the "Vehicle"). Compl. ¶¶ 5-6. Plaintiffs received express and implied warranties from BMW NA in connection with their purchase. Id. at ¶ 8. Plaintiffs have submitted the Vehicle for certain defects, specifically for problems with engine malfunction, excessive oil consumption, and engine idle issues. Id. at ¶ 11. Plaintiffs seek replacement or restitution, incidental damages, consequential

damages, civil penalty as provided in Song-Beverly, attorney's fees, costs and expenses, the difference in value of the vehicle as accepted and the vehicle had it been as warranted, remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code, and pre-judgment interest.  Id. at 9, Prayer for Relief.

## II. Legal Standard

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action from state court to federal court if the parties may have originally filed the case in federal court.  City of Chicago v. Int'l Coll. of Surgeons, 522 U.S. 156, 163, (1997).  Where removal is based on diversity, (1) the citizenship of the plaintiff must differ from the citizenship of all defendants and (2) the amount in controversy must exceed $75,000, exclusive of interest and costs.  28 U.S.C. § 1332(a).  District courts have diversity jurisdiction over "citizens of a State and citizens or subjects of a foreign state."  28 U.S.C. § 1332(a)(2).  District courts, however "shall not have original jurisdiction under [section 1332(a)(2)] of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State."  Id. (emphasis added).

The Ninth Circuit has directed courts to "strictly construe the removal statute against removal jurisdiction," so that any doubt as to the right of removal is resolved in favor of remanding the case to state court."  Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).  Thus, the removing party bears the burden to demonstrate that removal was proper.  Emrich v. Touche Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988).

## III. Discussion

Plaintiffs first argue that removal was not timely because it was filed 31 days after service of the Complaint and thus was one day late.  Mot. 2; David N. Barry Decl. ¶ 4, Docket No. 9-1.  Plaintiffs further argue that BMW NA has failed to demonstrate that complete diversity exists and the amount in controversy exceeds $75,000.  Id. at 2-4.  BMW NA first contends that Plaintiffs have waived their timeliness argument by failing to seek remand within the 30-day time limit under 28 U.S.C. § 1447(c). Opp'n., 2-3.  BMW NA next argues that notwithstanding Plaintiffs' waiver, BMW NA's removal was timely under 28 U.S.C. 1446(b)(3).  Id. at 3.  BMW NA finally argues that removal was proper because there is complete diversity and the amount in controversy exceeds

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 19-01722 JVS (ADSx) | Date | 12/16/2019 |
| Title | John Lee, et al. v. BMW of North America, LLC | | |

$75,000. Id. at 3-8.

### A. BMW NA's Removal Was Timely

Plaintiffs served BMW NA on August 9, 2019. Mot. at 2. The 30-day limit would therefore be September 8, 2019; however, as BMW NA notes in its opposition, September 8, 2019 was a Sunday. Opp'n. at 3. Therefore, the deadline the Notice of Removal was the next court day following the weekend, Monday, September 9, 2019. See Fed. R. Civ. P. 6(a)(3).

### B. Diversity Jurisdiction

#### 1. Complete Diversity

Only Plaintiffs' citizenship is dispute. BMW NA argues that complete diversity exists because Plaintiffs' complaint states "Plaintiff JOHN LEE is an individual residing in the city of La Habra, County of Orange, in the state of California. Plaintiff MIN SOON LEE is an individual, residing in the City of La Habra, County of Orange, in the State of California." Opp'n. at 4, quoting Compl. ¶ 1, Docket No 1., Ex. A. Plaintiffs argue that their residence is not necessarily indicative of their domicile or citizenship. Mot. at 4.

The Ninth Circuit has not squarely addressed whether a person's residence constitutes prima facie evidence of that party's domicile. Compare Mondragon v. Capital One Auto Fin., 736 F.3d 880, 886 (9th Cir. 2013) (holding residence as prima facie evidence of domicile) and NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 614 (9th Cir. 2016) (holding same) with Ehrman v. Cox Commc'ns, Inc., 932 F.3d 1223, 1228 (9th Cir. 2019) ("Although the district court focused much of its analysis on the question of whether allegations of a party's residency constitutes prima facie evidence of that party's domicile, we need not address that issue today.").

Other courts, including other circuit courts and the Supreme Court have concluded that a person's residence consitutes prima facie evidence of domicile and citizenship. See, e.g., Hollinger v. Home State Mut. Ins. Co., 654 F.3d 564, 571 (5th Cir. 2011); State Farm Mut. Auto. Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994) (holding residence is prima facie evidence of domicile). In Anderson v. Watt, 138 U.S. 694, 706 (1891), the United States Supreme Court held that "[t]he place where a person lives is taken to be his

domicile until facts adduced establish the contrary." The holding of <u>Anderson</u> would appear to be binding, as indicated in <u>Mondragon</u> and <u>NewGen</u>.

The Court agrees with these courts and holds that a person's residence is prima facie evidence of domicile and citizenship. Accordingly, because Plaintiffs' residence in La Habra, California is prima facie evidence of their California citizenship and Plaintiffs have not indicated otherwise, complete diversity exists.

      2. <u>Amount in Controversy</u>

Plaintiffs also contend that removal is not proper because BMW NA has failed to demonstrate the amount in controversy exceeds $75,000 by a preponderance of the evidence. Mot. at 2-3. "Under this burden, the defendant must provide evidence establishing that it is 'more likely than not' that the amount in controversy exceeds that amount." <u>Sanchez v. Monumental Life Ins. Co.</u>, 102 F.3d 398, 404 (9th Cir. 1996).

BMW NA argues that it is "facially apparent" from the allegations in the complaint that the amount in controversy exists. Opp'n. at 5. Plaintiffs argue that the terms of the contract for the purchase of the Vehicle does not reflect the amount in controversy. Mot. at 2. In addition to the value of the Vehicle, BMW NA also argues that the amount in controversy requirement is satisfied because Plaintiffs seek civil penalties and attorneys' fees under Song-Beverly. Opp'n. at 6. Plaintiffs respond that "[n]owhere in Plaintiffs' Complaint is it specified that Plaintiffs seek reimbursement or refund of the total approximate amount of $101,000.00, plus two times that approximate total amount in civil penalties." Reply at 5. This appears to be contradicted by its Prayer for Relief.

Further, civil penalties under Song-Beverly are properly included in the determination of the amount in controversy. <u>See</u> <u>Brady v. Mercedes-Benz USA, Inc.</u>, 243 F. Supp. 2d 1004, 1009 (citing <u>Chabner v. United Omaha Life Ins. Co.</u>, 225 F.3d 1042, 1046 (9th Cir. 2000)). Thus, even excluding an award of attorneys' fees under Song-Beverly, the amount in controversy "more likely than not" exceeds $75,000.

### IV. CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Remand is **DENIED.**

**IT IS SO ORDERED.**

:　　0

Initials of Preparer　　lmb/rrp